IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: SHANNA M. ACKERLEY<br>Debtor | : | CHAPTER 13 |
| JACK N. ZAHAROPOULOS<br>STANDING CHAPTER 13 TRUSTEE<br>Objectant | : | |
| vs. | : | |
| TRACY L. UPDIKE, ESQUIRE<br>Applicant | : | CASE NO. 1:19-bk-03559-HWV |

**TRUSTEE'S OBJECTION TO FIRST
APPLICATION OF ATTORNEY FOR CHAPTER 13 DEBTOR
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

AND NOW, this 4th day of May, 2023, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, who objects, pursuant to 11 U.S.C. § 330(a)(2), to the First Application of Attorney for Chapter 13 Debtor for Compensation and Reimbursement of Expenses filed on April 14, 2023 and states as follows:

**Facts**

1. Objectant Jack N. Zaharopoulos is the duly appointed Trustee in this case and, therefore, the representative of the Estate under § 323(a).

2. On August 23, 2019, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code. (ECF No. 1).

3. On April 14, 2023, Applicant filed her First Application for Interim Compensation and Reimbursement of Expenses. (ECF No. 64).

4. Applicant's First Fee Application requests $5,991.80 in compensation and reimbursement of expenses. (ECF No. 64).

1

5. The District has determined that $4,500.00 is a presumptively reasonable fee ("PRF") for an attorney representing a Debtor in a Chapter 13 Bankruptcy filed in this District throughout the conclusion of the case. L.R. 2016-2 (c)

6. Applicant originally took the PRF in the amount of $4,023.69 including a retainer in the amount of $190.00 as evidenced by the most recent Chapter 13 Plan. (ECF No. 37-1).

7. The Fees and Compensation in the present case total approximately $10,015.49 including the First Fee Application and the PRF taken at the beginning of the case. (ECF No. 37-1, 64).

### Applicable Law

8. The PRF should be used "as a guide or 'starting point' to what should be considered a 'reasonable fee in a routine Chapter 13 case in this District." *In re Badyrka*, No. 5:20-20-03618-MJC, 2022 WL 4656034 at *6 (Bankr. M.D. Pa. Sept. 30, 2022) (citation omitted).

9. Under § 330(a), the Court may award reasonable compensation for actual, necessary services rendered by the attorney and paraprofessionals employed by the attorney, the reasonableness to be based on (i) the nature of the services, (ii) the extent of the services, (iii) the value of the services, (iv) the time spent on the services and (v) the cost of comparable services in non-bankruptcy cases. *See In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 840 (3rd Cir. 1994).

10. Chapter 13 debtors' attorneys may be awarded fees pursuant to § 330(a)(4)(B), which allows **reasonable** fees for representing the interests of Chapter 13 debtors in connection with the bankruptcy case "based on consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." Attorney fees are subject to Court review for reasonableness irrespective of whether the debtor is in agreement with the fee amount. § 329(b); *In re Parilla*, 530 B.R. 1, 10 (Bankr. D.P.R. 2015).

11. The Third Circuit has noted that "[d]isagreeable as the chore may be, the bankruptcy court must protect the estate, lest overreaching attorneys or other professionals drain it of wealth which by right should inure to the benefit of unsecured creditors." *Busy Beaver,* 19 F.3d at 844 (citation omitted).

12. The "court shall not allow compensation for (i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." § 330(a)(4)(A).

13. Under Bankruptcy Rule 2017(b), the Court "may determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive . . .." Fed. R. Bankr. P. 2017(b).

14. The applicant bears the burden of proving that the fees and expenses sought are reasonable and necessary. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 261 (3rd Cir. 1995). "When the issues are not complex and the process is straightforward, an attorney is expected to exercise 'billing judgment' and is encouraged to reduce its customary fees in appropriate circumstances to reflect a less substantial expenditure of the attorney's time." *In re Parilla*, 530 B.R. 1, 13 (Bankr. D.P.R. 2015) (quoting *In re Thorn*, 192 B.R. 52, 56 (Bankr. N.D.N.Y. 1984).

15. "Excessive attorney's fees should not be awarded where such award contravenes the purposes of Chapter 13." *In re Tcherneva*, 638 B.R. 676 (Bankr. E.D.N.Y. 2022).

16. The Court must conduct an objective inquiry based upon what services a reasonable lawyer or law firm would have performed in the same circumstances. *In re Fleming Companies, Inc.*, 304 B.R. 85, 89-90 (Bankr. D. Del. 2003). A "judge's experience with fee petitions and his or her expert judgment pertaining to appropriate billing practices, bounded on an understanding of

3

the legal profession, will be the starting point for any analysis." *Id.* (citing *Busy Beaver*, 19 F.3d at 854). When making its consideration, the Court is not required to make a line-by-line analysis of the fee application, and a sampling will suffice. *See*, e.g., *In re Maruko, Inc.*, 160 B.R. 633, 642 (Bankr. S.D. Cal. 1993). Since "its time is precious, the reviewing Court need only correct reasonable discernible abuses, not pin down to the nearest dollar the precise fee to which the professional is ideally entitled." *Busy Beaver*, 19 F.3d 833 at 844-845; *see* also *In re Strauss*, No. 21-00995-MJC (Bankr. M.D. Pa. Mar. 31, 2023).

17. The Court may use a percentage deduction as a practical means of "trimming fat from a fee application" if the Court determines that some of the time claimed by a party should be excluded. *In re Nicholas*, 496 B.R 69, 76 (Bankr. E.D.N.Y. 2011). *See* also *In re Old Summit Mfg., LLC*, 323 BR. 154, 162-163 (Banr. MD. Pa. 2004) (50% reduction); *In re Sullivan,* 674 F.3d 65 (1st Cir. 2012); *In re Claudio*, 459 B.R. 500 (Bankr. D. Mass. 2011); *In re Spillman Dev. Grp., Ltd.,* 376 B.R. 543 (Bankr. W.D. Tex. 2007).

18. Judge France previously stated "[a] bankruptcy court must balance adequately compensating attorneys in order to encourage competent counsel to represent bankruptcy debtors with insuring that the costs of administration do not consume assets that otherwise would be available to creditors. In making a fee determination, the court must take into consideration whether the professional exercised "reasonable billing judgment." *In re Fontaine*, 2015 WL 5162557, at *3 (Bankr. M.D Pa. 2015).

19. Finally, with regard to defending fee applications, the Supreme Court has been clear in stating: "Section 330(a)(1) itself does not authorize the award of fees for defending a fee application, and that is the end of the matter." *Baker Botts LLP v. Asarco LLC*, 135 S. Ct. 2158, 2169 (2015).

4

Case 1:19-bk-03559-HWV    Doc 67    Filed 05/04/23    Entered 05/04/23 13:28:29    Desc
Main Document    Page 4 of 7

## Analysis and Facts Specific to the Present Fee Application

20. The Trustee avers that the total attorney fees charged thus far in this non-complex Chapter 13 case are excessive. There do not appear to have been any issues presented in the case that were otherwise unique or beyond the ordinary administration of the case that would warrant compensation and expenses in the amount of $10,015.49 as outlined in Applicant's First Fee Application.

21. As Judge Conway has noted, "[t]o incur over $10,000.00 in attorney's fees in a routine Chapter 13 case, on an interim basis, more closely compares to billings in complex Chapter 11 cases in this District rather than a routine Chapter 13 case." *In re Badyrka*, 2022 WL 4656034 at *10.21.

22. Specifically, the Trustee avers the First Fee Application is not reasonable for the following reasons:

   a. The Fee Application includes charges that are excessive under § 330(a)(4)(A) as follows:

      1) Applicant and Paralegal charged cumulatively approximately 2.8 hours in the amount of $607.50 for preparation of a Motion to Modify Plan, and Amended plan, which is excessive relative to the complexity of the task, and should therefore be reduced to a reasonable amount. (ECF No. 64-2).

      2) Applicant charged .6 hours in the amount of $180.00 for multiple correspondence to client regarding mortgage payment changes, which is excessive where the task could have been delegated and billed at a lower rate. (ECF No. 64-2).

5

3) On September 15, 2020, Applicant charged .2 hours in the amount of $60.00 for "Correspondence to client re modified plan order", which is excessive where the task could have been delegated and billed at a lower rate. (ECF No. 64-2).

4) Applicant and Paralegal charged cumulatively approximately 1.5 hours in the amount of $348.50 for preparation of an answer to a Motion for Relief which is excessive relative to the complexity of the task and should be reduced accordingly. (ECF No. 64-2).

5) Finally, Applicant charged approximately 1 hour in the amount of $300.00, and Paralegal charged approximately .7 hours in the amount of $108.50 for a total of 1.7 hours in the amount of $408.50 for preparation of the fee application which is excessive relative to the complexity of the task, and should not have required 1 hour of Attorney time to complete. (ECF No. 64-2). The amount should therefore be reduced to a reasonable amount.

WHEREFORE, the Trustee respectfully requests this Honorable Court to set a hearing on the Application and, after hearing, appropriately adjust Applicant's request for compensation.

    Respectfully submitted,

    Jack N. Zaharopoulos
    Standing Chapter 13 Trustee
    8125 Adams Drive, Suite A
    Hummelstown, PA 17036
    (717) 566-6097

BY:   /s/ Douglas R. Roeder
        Attorney for Trustee

# CERTIFICATE OF SERVICE

AND NOW, this 4th day of May, 2023, I, hereby certify that I served a copy of this Objection either electronically or by depositing the same in the United States Mail, at Hummelstown, Pennsylvania, postage prepaid, first class, addressed to the following:

Mette, Evans & Wood
Tracy L. Updike, Esquire
3401 N. Front St.
P.O. Box 5950
Harrisburg, PA 17110
tlupdike@mette.com

/s/Elizabeth R. Fitzgerald
Paralegal for Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097